The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMMY R. T.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C22-5147-BJR

**ORDER REVERSING DENIAL OF BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. Having reviewed the parties' briefs, the administrative record, and the relevant legal authorities, the Court concludes that the record as a whole creates serious doubt as to whether Plaintiff is disabled, reverses the decision to deny benefits, and remands this case for further administrative proceedings.

**I.     BACKGROUND**

Plaintiff is 59 years old, has at least a high school education, and has previously worked as an automobile detailer. Dkt. No. 8 at 34.  On December 17, 2018, Plaintiff protectively applied for benefits, alleging disability as of March 1, 2016. *Id.* at 21. Plaintiff later amended this date to April 29, 2019. *Id.* at 21. Plaintiff's applications were denied initially and on reconsideration. *Id.* at 119,

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 1

127, 144. After the ALJ conducted a hearing on October 7, 2021, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 21–35.

## II.   THE ALJ'S DECISION

Utilizing the five-step disability evaluation process, 20 C.F.R. §§ 404.1520, 416.920, the ALJ found:

> **Step one:** Plaintiff has not engaged in substantial gainful activity since April 29, 2019, the amended alleged onset date.
>
> **Step two:** Plaintiff has the following severe impairments: diabetic retinopathy and diabetic macular edema.
>
> **Step three:** These impairments do not meet or equal the requirements of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App'x 1.
>
> **Residual Functional Capacity:** Plaintiff has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations. He can perform work that requires occasional fine detail work. He can perform work that requires occasional reading of fine print. He can perform work that requires occasional commercial driving.
>
> **Step four:** Plaintiff cannot perform past relevant work.
>
> **Step five:** As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

Dkt. No. 8 at 24–35. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. *Id.* at 6–9.

## III.   DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The ALJ is responsible for evaluating evidence, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Although the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for

that of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one interpretation, the ALJ's interpretation must be upheld if rational. *Ford*, 950 F.3d at 1154. This Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Plaintiff contends that the ALJ erred by failing to find his diabetes mellitus and diabetic neuropathy as severe impairments at step two of the sequential evaluation process and rejecting the medical opinions of Dr. Hander and Dr. Cuevas. Dkt. No. 10 at 1.

A. **Whether the ALJ Erred at Step Two**

Plaintiff contends the ALJ erred at step two of the evaluation process by failing to find his diabetes mellitus and diabetic neuropathy as severe impairments. *See* Dkt. No. 10 at 2–5. The ALJ, however, decided in Plaintiff's favor at step two, finding that diabetic retinopathy and diabetic macular edema were severe medically determinable impairments. Dkt. No. 8 at 24.

At step two of the evaluation process, the ALJ must determine whether the claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment is "not severe" if it does not "significantly limit" the ability to conduct basic work activities. 20 C.F.R. § 404.1522. "Basic work activities are 'abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling.'" *Smolen*, 80 F.3d at 1290 (quoting 20 C.F.R. § 140.1521(b)). The step-two inquiry is "merely a threshold determination meant to screen out weak claims." *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146–47 (1987)). It "is not meant to identify the impairments that should be taken into account when determining the [Plaintiff's] [residual functional capacity (RFC)]." *Buck*, 869 F.3d at 1048–49. At the RFC phase,

the ALJ must consider the claimant's limitations from all impairments, including those that were earlier deemed not severe. *Id.* at 1049. "The RFC therefore *should* be exactly the same regardless of whether certain impairments are considered 'severe' or not." *Id.* (emphasis in original). Thus, a claimant cannot be prejudiced by failure to consider a particular impairment severe at step two as long as the ALJ finds the claimant has at least one severe impairment, and still addresses the non-severe impairments when considering the claimant's RFC. *See id.* (citing *Molina*, 674 F.3d at 1115). Plaintiffs retain the burden of proof at step two and must present evidence showing that they suffer from an impairment that has more than a minimal effect on the plaintiff's work. *See Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).

Here, Plaintiff has failed to meet his burden of showing harmful error as he has not shown that the ALJ ignored any of his particular symptoms or limitations caused by diagnoses not included at step two. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407–09 (2009)) (administrative adjudications are subject to the same harmless error rule as civil cases). As noted, the ALJ found that Plaintiff had severe impairments, and thus continued with the disability evaluation. *See* Dkt. No. 8 at 24–26. The ALJ also considered Plaintiff's diabetes mellitus and diabetic neuropathy at the RFC stage. *See id.* at 27–34. Thus, regardless whether the ALJ erred in not finding severe his diabetes mellitus and diabetic neuropathy, Plaintiff fails to meet his burden to establish a harmful step-two error. *See Molina*, 674 F.3d at 1111 (the party attacking an agency decision has the burden to show harmful legal error); *Buck*, 869 F.3d at 1048–49 (explaining that excluding a diagnosis at step two is not harmful legal error when the ALJ considers all symptoms in assessing RFC).

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 4

**B.   Whether the ALJ Erred in Evaluating Medical Opinion Evidence**

Plaintiff contends the ALJ erred in evaluating the medical opinions of Dr. Hander and Dr. Cuevas. Dkt. No. 10 at 6–8.

1.   Dr. Hander

Dr. Hander completed two medical evaluations of Plaintiff in March 2019 and May 2019. Dkt. No. 8 at 94–102, 114–20. In the March 30, 2019 evaluation, Dr. Hander found Plaintiff had severe impairments of loss of central visual acuity, dysfunction–major joints, and diabetes mellitus, and determined Plaintiff was disabled with alleged onset date of March 1, 2016. *See id.* at 98, 101. Less than two months later, on May 10, 2019, Dr. Hander found the listed impairments "Non Severe" and determined Plaintiff not disabled. *Id.* at 118–20.

The ALJ found Dr. Hander's March 2019 opinion "not persuasive" because of its inconsistency with the overall medical evidence but his May 2019 opinion "partially persuasive," essentially rejecting only the portion with respect to Plaintiff's visual impairment, because "there is sufficient medical evidence at the hearing level to establish visual limitations." *See id.* at 31–32.

In *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022), the Ninth Circuit held that new regulations governing applications filed after March 27, 2017 supplanted its prior holdings governing the weight an ALJ must give medical opinions and the requirement that the ALJ provide specific and legitimate reasons to reject a doctor's opinion. *See id.* at 790–92. Under the new regulations, the ALJ considers the persuasiveness of the medical opinion using five factors (supportability, consistency, relationship with claimant, specialization, and other), with supportability and consistency being the two most important factors. *See* 20 C.F.R. §§ 416.920c(b)(2), 404.1520c(b)(2). Supportability means the extent to which a medical source supports the medical opinion by explaining the "relevant . . . objective medical evidence." *Id.*

§§ 416.920c(c)(1), 404.1520c(c)(1). Consistency means the extent to which a medical opinion is "consistent . . . with the evidence from other medical sources and nonmedical sources in the claim." *Id.* §§ 416.920c(c)(2), 404.1520c(c)(2). The ALJ's decision must explain how the ALJ considered the factors of supportability and consistency, *Id.* §§ 416.920c(b)(2), 404.1520c(b)(2). An ALJ cannot reject a doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Woods*, 32 F.4th at 787. The agency must "articulate . . . how persuasive" it finds "all of the medical opinions" from each doctor or other source, 20 C.F.R. §§ 416.920c(b), 404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in reaching these findings, *id*. §§ 416.920c(b)(2), 404.1520c(b)(2).

Plaintiff contends the ALJ's "rationale" in crediting the May 2019 opinion but not the March 2019 opinion was "not justified" because there were no changes in Plaintiff's medical record after Dr. Hander had provided his first opinion. *See* Dkt. No. 10 at 6–7.

In rejecting Dr. Hander's March 2019 opinion, the ALJ explained it was "inconsistent with the overall medical evidence." Dkt. No. 8 at 31. And in rejecting a part of Dr. Hander's May 2019 opinion, specifically his finding that Plaintiff's loss of central visual acuity was non-severe, the ALJ explained it was inconsistent with Plaintiff's treatment history for retinopathy and macular edema. *Id*. at 32. Plaintiff's treatment notes consistently showed increased edema and more severe retinopathy. *Id.* at 594–95, 606, 609, 616–17.  Given the cited evidence, most of which was from retinal and other eye specialists, the ALJ could reasonably find that the portion of Dr. Hander's opinion regarding Plaintiff's visual impairment inconsistent with the medical evidence. However, there is no explanation for why Dr. Hander's opinion regarding Plaintiff's disability changed over such a short period of time despite no change in Plaintiff's medical records, and although the ALJ commented on the discrepancy during the hearing, *id.* at 60, he did not address it in his decision.

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 6

The Court concludes that there is a lack of consistent and substantial evidence to support the ALJs rejection of Dr. Hander's March 2019 opinion.

### 2. Dr. Cuevas

Plaintiff also contends that the ALJ erred in rejecting Dr. Cuevas' medical opinion. Dkt. No. 10 at 7. On June 14, 2021, Dr. Cuevas completed a questionnaire provided by Plaintiff's counsel about Plaintiff's impairments and how they affect his ability to work. Dkt. No. 8 at 638–40. Dr. Cuevas indicated Plaintiff is able to stand/walk or sit upright for less than an hour during an eight-hour workday. *Id.* at 639. He also indicated that based on Plaintiff's "hip pains," Plaintiff needs to recline for two hours during an eight-hour workday. *Id.* Dr. Cuevas also wrote that Plaintiff can use his hands bilaterally for holding, handling or fingering for less than one third of an eight-hour workday, and his arms bilaterally for one third of an eight-hour workday. *Id.* at 639–40. When asked on what medical condition he based these limitations, Dr. Cuevas wrote "Diabetic neuropathy." *Id.* at 640.

The ALJ rejected Dr. Cuevas' June 2021 opinion because it was "inconsistent with the overall medical evidence of record, including his own treatment notes." *Id.* at 32. Dr. Cuevas' treatment notes consistently showed Plaintiff's reasons for his appointments and Dr. Cuevas' assessments were for Plaintiff's retinopathy and macular edema, not neuropathy. *Id.* at 512, 542, 608, 619, 626, 630. Additionally, the treatment notes showed that Plaintiff consistently denied any joint and muscle swelling, stiffness, pain, weakness, and cramping, and Plaintiff's physical examination results were consistently normal. *See id.* at 679, 684, 689, 700, 718. Dr. Cuevas' treatment notes do not mention diabetic neuropathy until September 2021 when he wrote "Pt also needs EMG to support his claim for neuropathy for SSD." *Id.* at 717.

Plaintiff asserts that Dr. Cuevas did not record his complaints of extremity pain for several years before the EMG confirmed that he has diabetic neuropathy. Dkt. 10 at 4-5 (noting Plaintiff's expressions of surprise during the hearing to learn that his complaints had not been recorded). Plaintiff has complained of neuropathy symptoms since 2018, he specifically complained of being unable to work due to neuropathy in June 2021, which the ALJ noted in his decision, but the complaint did not appear in Dr. Cuevas' treatment notes. Dkt. 8 at 25. Plaintiff asked for a specialist referral in August 2021. *Id.* And at the hearing, the ALJ commented that this is a case in which the Plaintiff has been "undertreated." *Id.* at 92. Although the ALJ found it non-persuasive, the August 2021 Department of Social and Health Services review opined that Plaintiff "is severely limited and unable to perform the demands of even sedentary level work due to diabetic retinopathy and neuropathy." *Id.* at 33.

Plaintiff also points out that the ALJ ignored the results of the September 2021 EMG. Dkt. No. 10 at 7. The results indicate that Plaintiff is experiencing neuropathy due to his diabetes mellitus. *See* Dkt. No. 8 at 577–84. The EMG report concludes that there is "evidence of a severe-profound sensorimotor distal axonal and demyelinating neuropathy likely due to diabetes mellitus." *Id.* at 572. As such, there is objective evidence in the record to support Plaintiff's testimony about his symptoms and functional limitations as well as Dr. Cuevas' June 2021 opinion. The Court concludes that there is a lack of consistent and substantial evidence to support the ALJ's rejection of Dr. Cuevas' June 2021 opinion.

Considering the record overall, the evidence is largely inconsistent, and the Court concludes that there are outstanding issues that must be resolved before there can be a finding of disability or non-disability that is supported by substantial evidence. *See Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (noting that "in social security cases, the required analysis centers

on what the record evidence shows about the existence or non-existence of a disability,' and requiring courts to remand for further proceedings when an evaluation of the record as a whole creates serious doubt that a claimant is disabled (citation omitted)).  Accordingly, this matter will be reversed for further administrative proceedings, including a *de novo* hearing.

## IV.   CONCLUSION

For the foregoing reasons, the Court concludes that the ALJ lacked substantial evidence to determine that Plaintiff was not disabled.  The Commissioner's final decision is REVERSED and REMANDED for further administrative proceedings.

DATED this 11th day of May 2023.

*[signature]*

Barbara Jacobs Rothstein
United States District Judge

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 9